[Cite as *State v. Parker*, 2024-Ohio-5058.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

NAKYIA DELSHAWN PARKER,

      Defendant-Appellant.

CASE NO. 2024-T-0039

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2013 CR 00921

---

**O P I N I O N**

Decided: October 21, 2024
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Nakyia Delshawn Parker*, pro se, PID# A690-764, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Nakyia Delshawn Parker, appeals the judgment dismissing his "Motion to Vacate Void Judgment and Sentence." We affirm.

{¶2} In 2016, a jury found Parker guilty on charges of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3) and (B), and possession of heroin, a felony of the second degree, in violation of R.C. 2925.11(A) and (C)(6)(d), with a forfeiture specification. Thereafter, the trial court sentenced Parker

to consecutive terms of eight years of imprisonment on the possession of heroin count and two years of imprisonment on the having weapons under disability count.

{¶3} Parker directly appealed his conviction. In an opinion released on August 13, 2018, this court affirmed the trial court's judgment. *State v. Parker*, 2018-Ohio-3239, ¶ 62 (11th Dist.).

{¶4} On March 8, 2024, Parker filed a "Motion to Vacate Void Judgment and Sentence." In his motion, Parker relied on R.C. 2945.75(A)(2) and *State v. Pelfrey*, 2007-Ohio-256, in support of an argument that his conviction for second-degree felony possession of heroin should be vacated due to what he maintained were errors in the jury verdict forms. Parker argued that because the jury verdict forms did not reference the degree of the offense or the precise weight of the heroin, he could be convicted of only possession of heroin as a felony of the fifth degree. Parker maintained that his conviction for a second-degree felony violated his due process rights.

{¶5} The trial court recast the motion as a petition for postconviction relief and dismissed the motion as untimely and barred by res judicata. It is from this judgment that Parker appeals.

{¶6} Parker assigns two errors for our review:

> [1.] The trial court abused its discretion and violated appellant's constitutional and due process rights, when it denied appellant's motion to vacate void judgment and sentence enlight of the documentation submitted herein. (Sic.)
>
> [2.] The trial court abused its discretion and violated appellant's constitutional and due process rights, when it denied appellant's motion to vacate void judgment and sentence without a hearing enlight of the documentation the appellant submitted herein. (Sic.)

2

{¶7} In his assigned errors, Parker maintains that the trial court erred in dismissing his motion without a hearing. We disagree.

{¶8} Initially, we note that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545, ¶ 12. "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 1997-Ohio-304, 160.

{¶9} Despite the caption of Parker's motion, he maintained that his conviction violated his due process rights. Accordingly, the trial court properly recast Parker's motion as one for postconviction relief pursuant to R.C. 2953.21, and Parker raises no argument on appeal that the trial court erred in this regard.

{¶10} Where a defendant directly appeals his judgment of conviction, R.C. 2953.21(A)(2) requires a petition for postconviction relief be filed no later than 365 days after the trial transcript is filed in the court of appeals on direct appeal. Here, the record was filed in Parker's direct appeal on January 27, 2017, and supplemented on May 11, 2017. Parker filed his present motion more than six years after the trial transcript was filed in his direct appeal, and, accordingly, his filing is untimely. A trial court lacks authority to grant an untimely or successive petition unless a statutory exception applies. R.C. 2953.23(A); *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36.

{¶11} R.C. 2953.23(A) contains two statutory exceptions to the filing deadline, as follow:

3

Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised

4

Code" has the same meaning as in division (A)(1)(d) of section 2953.21 of the Revised Code.

{¶12} Here, Parker did not assert that he was unavoidably prevented from the discovery of the facts on which he based his grounds for relief, nor did Parker assert a new federal or state right that applies retroactively to him. Accordingly, Parker's petition failed to assert facts which would demonstrate the applicability of the exception to the deadline contained in R.C. 2953.23(A)(1). Further, Parker's motion was not related to a claim of actual innocence based upon DNA testing. Therefore, the exception to the deadline contained in R.C. 2953.23(A)(2) is inapplicable.

{¶13} Accordingly, the trial court lacked authority to consider Parker's untimely motion, and the trial court did not err in failing to provide a hearing on the motion. *See State v. VanPelt*, 2015-Ohio-1070, ¶ 17 (11th Dist.) ("When dismissing a petition upon the grounds that it was untimely, the trial court is under no obligation to hold a hearing or issue findings of fact and conclusions of law." (Citations omitted.)).

{¶14} Therefore, the trial court properly dismissed Parker's motion on the basis that it constituted an untimely petition for postconviction relief, to which no exception applied. Thus, Parker's two assigned errors lack merit on this basis alone.

{¶15} The judgment is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2024-T-0039